IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,      )
                               )      2:96-cr-0259-GEB
                  Plaintiff,   )
                               )
        v.                     )      ORDER
                               )
THEODORE JOHN KACZYNSKI,       )
                               )
                  Defendant.   )
_____)

        On August 21, 2006, Defendant filed an application to stay

the Orders filed August 10, 2006, ("August 10 Orders"), "which

approve, in large part, the . . . plan for the sale of [his]

property." (Def.'s Application to Stay, filed Aug. 21, 2006, at 1.)

The scope of the stay Defendant seeks is ambiguous because his

application could be interpreted as requesting a stay of the sale, but

not the preparations for such a sale, and also could be interpreted as

requesting a stay of the sale as well as sale preparations. (See id.

at 1-2.) Consequently, clarification is needed regarding the scope of

the requested stay, specifically, whether the requested stay would

affect the sale preparations authorized by the August 10 Orders.

        Therefore, Defendant shall file a document no later than

August 29, 2006, that clarifies the scope of the requested stay and

1  discusses "the factors regulating the issuance of a stay . . . (1)
2  whether the stay applicant has made a strong showing that he is likely
3  to succeed on the merits; (2) whether the applicant will be
4  irreparably injured absent a stay; (3) whether issuance of the stay
5  will substantially injure the other parties interested in the
6  proceeding; and (4) where the public interest lies." <u>Hilton v.</u>
7  <u>Braunskill</u>, 481 U.S. 770, 776 (1987); <u>Overstreet v. Thomas Davis</u>
8  <u>Medical Centers</u>, 978 F. Supp. 1313, 1314 (D. Ariz. 1997); <u>Digital</u>
9  <u>Commc'n Network, Inc. v. AB Cellular Holding</u>, 1999 WL 1044234, *3
10 (C.D. Cal. 1999); <u>Envtl. Prot. and Info. Ctr. v. U.S. Forest Serv.</u>,
11 2006 WL 2084856, *2 (E.D. Cal. 2006).[1]  If the government and/or the
12 Named Victims wish to address these factors, or to respond to any
13 other issue concerning the application for a stay, the response shall
14 be filed no later than September 1, 2006.

15          IT IS SO ORDERED.
16 Dated:  August 28, 2006

17

18                              /s/ Garland E. Burrell, Jr.
                               GARLAND E. BURRELL, JR.
19                             United States District Judge

20

21

22 _____

23      [1]    In his application, Defendant argues a stay pending
   appeal "is appropriate where the party requesting the stay shows
24 'either (1) a probability of success on the merits and the
   possibility of irreparable harm, or (2) that serious legal
25 questions are raised and the balance of hardships tips sharply in
   the [moving party's] favor.'"  (Def. Application to Stay at 1.)
26 However, the standard Defendant cites "is not on point . . .
   because it deals with a party's request for pre-litigation
27 preliminary injunctive relief." <u>McAfee v. United States</u>, 2006 WL
   829135, *2 (E.D. Cal. 2006).  The standard articulated by the
28 Supreme Court in <u>Hilton</u> applies when a party seeks a stay pending
   appeal.  <u>Id.</u>; <u>Digital Comm'n Network</u>, 1999 WL 1044234, at *4.