COPY

Theodore John Kaczynski
Defendant, Pro Se
04475-046
U.S. Penitentiary Max
P.O. Box 8500
Florence CO 81226-8500
Telephone 719-784-9464



FILED
APR 6 2009
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

In the United States District Court for the Eastern District of California

| | |
|---|---|
| United States of America<br>Plaintiff<br>v.<br>Theodore John Kaczynski<br>Defendant | Number<br>CR-S-96-259 GEB |

MOTION FOR APPOINTMENT OF COUNSEL

The Ninth Circuit's decision in my appeal, No. 06-10514, affirmed this Court's orders reported in U.S. v. Kaczynski, 446 F.Supp.2d 1146 (E.D. Cal. 2006), but left one question

MOT. FOR APPT. OF COUNSEL                                    1

unresolved.

Hereinafter, the phrase, "the documents at issue" will designate the documents that the government seized from my cabin in 1996.

The Ninth Circuit made clear that the district court was to make sure that I received a legible photocopy of every page of the documents at issue of which I had not already received a legible photocopy. <u>U.S. v. Kaczynski</u>, No. 06-10514 (9th Cir., January 9, 2009), slip op. at 201. See 446 F. Supp. 2d at 1154 n.12.

However, the means of accomplishing this have not yet been decided; that is the question that remains unresolved.

The principal problem is that of determining what are the pages of the documents at issue of which I have not yet received legible photocopies via a designee. Of my appellate briefs in Ninth Circuit Case No. 06-10514, see my opening brief (No. 67 on the docket), at 70-71, and my reply to the amicus briefs (No. 121 on the docket), at 31-32.

MOT. FOR APPT. OF COUNSEL                                       2

As a solution to this problem, the Ninth Circuit suggested that my designee could be allowed "to compare the photocopied documents to the originals prior to any redactions and before sale." Slip op. at 20 n.8.

However, this does not resolve the question, because, first, it is only a suggestion, not a prescription; and, second, it does not explain how the proposed comparison is to be carried out.

Is my designee supposed to make a catalog of all the photocopies that have been given on my behalf to the University of Michigan's library, noting which pages are legible and which are not, then travel to Washington D.C. and go through all of the thousands of pages of the originals, page by page, to make a list of all pages of the originals of which the University of Michigan does not have legible photocopies? That would cost hundreds of man-hours of work and a great deal of money in travel expenses. No designee will be able to devote so much money and so many man-hours to the project.

MOT. FOR APPT. OF COUNSEL                    3

The Ninth Circuit indicated simply that I was to receive a legible copy of every page of which I had not already received a legible copy. The Ninth Circuit did not make this requirement contingent on my ability to find a designee willing and able to spend hundreds of man-hours of work and hundreds or thousands of dollars on travel. In practice, I will never be able to find such a designee.

Thus, the means of providing me with the necessary photocopies must be worked out in discussions between the government, myself (or my representative), the Court, and representatives of the University of Michigan's library and/or other potential designees.

My status as a prisoner would make it impracticable for me to participate personally in such discussions. Prisoners' mail at this prison is slow, and prisoners can receive phone calls only from attorneys. I can make three 15-minute phone calls a month -- when I am lucky.

For the foregoing reasons, I request

MOT. FOR APPT. OF COUNSEL                            4

that the Court appoint counsel for me for the purpose of arranging the means by which I am to receive legible copies of all pages of the documents at issue of which I have not already received legible copies.

Because this proceeding is a part of my return-of-property proceeding ancillary to my criminal case, I have a statutory right to counsel under 18 U.S.C. § 3006A(c) and <u>U.S. v. Martinson</u>, 809 F.2d 1364, 1370 (9th Cir. 1987).

In the appeal that has just been concluded, I waived my right to counsel, but <u>only for purposes of the appeal</u>. See my motions to the Ninth Circuit, Nos. 10, 22, and 42 on the docket of Case No. 06-10514, all of which stated that I sought to proceed pro se pursuant to Circuit Rule 4-1(d), which has no application to district court proceedings.

I request that John Balazs, Bar No. 157287, 916 Second Street, Suite F, Sacramento CA 95814, phone 916-447-9299, be appointed to represent me, if he is willing to accept the appointment.

Mr. Balazs represented me earlier in this proceeding, and I found his representation quite satisfactory except for our disagreement over a First Amendment issue that is no longer relevant to this proceeding. If Mr. Balazs will not accept the appointment, then I request the appointment of other counsel.

Dated:  
March 29, 2009

Respectfully submitted,

*Theodore John Kaczynski*  
THEODORE JOHN KACZYNSKI  
PRO SE

PROOF OF SERVICE

On March 30, 2009, I served this MOTION FOR APPOINTMENT OF COUNSEL by placing one copy thereof in each of three envelopes, with first-class postage prepaid, and addressed as stated infra, and giving said envelopes to an employee of the Federal Bureau of Prisons at Florence, Colorado with instructions to deposit the envelopes in the United States

MOT. FOR APPT. OF COUNSEL                6

Mail. Envelope #1 was addressed to UNITED STATES ATTORNEY, EASTERN DISTRICT OF CALIFORNIA, 501 I STREET, SUITE 10-100, SACRAMENTO CA 95814. Envelope #2 was addressed to STEVEN A. HIRSCH, ATTORNEY AT LAW, KEKER & VAN NEST, LLP, 710 SANSOME STREET, SAN FRANCISCO CA 94111-1704. Envelope #3 was addressed to KELLY A. WOODRUFF, ATTORNEY AT LAW, FARELLA BRAUN & MARTEL LLP, 235 MONTGOMERY STREET, 17th FLOOR, SAN FRANCISCO CA 94104.

 I declare under penalty of perjury that the foregoing is true and correct. Executed on March 30, 2009.

*Theodore John Kaczynski*<br>
THEODORE JOHN KACZYNSKI

MOT. FOR APPT. OF COUNSEL    7