BENJAMIN B. WAGNER
United States Attorney
DAVID T. SHELLEDY
ANA MARIA MARTEL
Assistant U.S. Attorneys
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

(Sacramento Division)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>THEODORE JOHN KACZYNSKI,<br><br>    Defendant. | Case No.: Cr. 96-00259 GEB<br><br>MEMORANDUM IN OPPOSITION TO DEFENDANT'S PROPOSED ORDER<br><br>DATE:  June 14, 2010<br>TIME:  9:00 a.m.<br>CTRM:  10 |

      In his filings of June 1, 2010 (Docket Items 764 and 765), defendant seeks an order precluding any redaction and sale of his writings until further court order, evidently at some unspecified time after he designates a representative to compare original writings to copies he already has, to verify that his copy is complete. The request is unreasonable, as it would indefinitely postpone any sale of defendant's property for restitution and would prolong these proceedings without end.

      Almost four years have passed since this court ordered that defendant's original writings be sold after redactions. Order of August 10, 2006. On appeal, defendant sought to prevent redaction and sale altogether, by arguing that he could not identify what pages he is missing. The Ninth Circuit rejected

Supplemental Status Report for the United States        1

that argument eighteen months ago, observing that defendant's designee could compare the photocopies already in his possession with the originals. *United States v. Kaczynski*, 551 F.3d 1120, 1127 n.8 (9th Cir. 2009). In March 2009 -- fifteen months ago -- this court appointed the particular attorney requested by defendant to represent him in obtaining a copy of any page he does not already have (Docket Item 748). In March 2010, more than two months ago, the court appointed substitute counsel to represent defendant in doing the same (Docket Item 757).

Despite all of this, defendant and his multiple attorneys have yet to undertake any comparison of the original documents and the copies he already has. Indeed, they have not even made a proposal (to the government or the court) as to how this is to be done. The only information before the court on this matter is defendant's own explanation fifteen months ago that the process will require "hundreds of man-hours" and "hundreds or thousands of dollars" in travel expenses, because there are thousands of pages to compare and defendant's copies are at the University of Michigan. Motion for Appointment of Counsel (Docket Item 748). If that is where his copies are, it is only because he elected to send them there.

More importantly, even the status report and proposed order filed this week by defendant contain no proposal for how a review is to be conducted, nor any estimate of how long it would take to complete. They do not suggest that defendant has identified, has attempted to identify, or ever could identify anyone willing to waste hundreds of hours comparing documents for him, or that he and his attorneys have any plan for getting this done. They do not explain why defendant and his attorneys have not completed (or apparently even begun) this project in the last eighteen months. And finally, they undermine the very notion that defendant does not already have a complete copy of his writings; for he admits that his "counsel does not know whether a complete copy of the unaltered originals . . . exists somewhere in discovery." *See* Defendant's Response to Supplemental Status Report (Docket Item 764) at 2.

///
///
///
///

1  The mere possibility that defendant does not already have a complete copy of his writings
2  cannot justify indefinite delay in providing restitution to the victims. There is no reason to believe
3  defendant's proposed order would accomplish anything but further delay. His proposed order should
4  therefore be denied.

5                                             Respectfully submitted,

6  Dated: June 4, 2010                        BENJAMIN B. WAGNER
                                              United States Attorney
7

8                              By:   */s/ David T. Shelledy*
                                     DAVID T. SHELLEDY
9                                    Assistant U.S. Attorney