IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:96-cr-0259-GEB |
| Plaintiff, | |
| v. | ORDER |
| THEODORE JOHN KACZYNSKI, | |
| Defendant. | |

A status conference was held in this case on June 14, 2010. Maria Martel appeared on behalf of the government, Erin Radekin appeared on behalf of Defendant, and Steven Hirsh appeared telephonically as pro bono counsel for the Named Victims. Based on consideration of arguments made at the hearing, the following Order issues.

During the status hearing, the government and the Named Victims discussed what could be redacted in accordance with the approved plan for sale of certain of defendant's property ("Plan"), and the appellate briefs submitted to the Ninth Circuit following Defendant's challenge to the Plan. The parties did not dispute the permissible categories of authorized redactions, but the government and the Named Victims sought clarification concerning the scope of redaction of bomb-making information, and the Named Victims questioned

why the government indicated that redaction by excision or cutting was preferable to redaction by ink.

The court clarified the bomb-making exclusion by accepting the Named Victim's following definition: bomb-making instructions means "technically enabling" bomb-making material, which includes precise descriptions of quantities, design elements, and/or chemicals that are not obvious.  However, because it was unclear whether the government and the Named Victims would agree on what text in Defendant's writings is included within this definition, the government was provided a month to flag the text it opines is within this definition and to send the pages and text to counsel for the Named Victims.  The Named Victims indicated during the hearing that the definition should be narrowly construed and that if there is disagreement about whether proposed redacted text is included within the definition, the matter will be presented to the court for decision.  The government has been granted until on or before July 12, 2010, to give counsel for the Named Victims the proposed redactions the government opines are within the bomb-making instructions definition.  If counsel for the Named Victims agrees with the government's proposed redactions, then counsel for the Named Victims shall file proposed language that could be included in an order which authorizes the government to make the agreed upon redactions. Defendant argued he should be allowed to review the proposed redactions and to object to the same.  Defendant, however, has not shown that he should have a voice in this process, since what is at issue is intended to ensure that any text of Defendant's writings containing diagrams and recipes for making bombs are redacted.  The Named Victims stated during the hearing that they do not intend the

auction "to be the medium for disseminating harmful information of that sort." The Named Victims also indicated they seek to have the amount of redactions minimized since redactions diminish the original's value. Under the circumstances here where Defendant said nothing about how his participation would benefit the determination of which of his writings contain diagrams and recipes for making bombs, and since the government said at the hearing that it will provide Defendant with an exact copy of the original writing before it is redacted, Defendant's request to participate is denied.

The Named Victims also questioned the government's indication that the originals will have to be redacted by excision or cutting, rather than by ink. The government stated in its Status Report filed May 10, 2010, that redaction by excision or cutting:

> [W]ould obviously remove the back side of the paper as well, along with any text that appears there. Obliterating redacted material with ink might obscure less text on the opposite side of the page, but ink redactions may not be completely effective and could be undone. Accordingly, the FBI proposes to redact by extraction, and requests approval of that method in the proposed order.

(Docket No. 758, 4:10-14.) However, the Named Victims questioned why redaction by ink should not be used, and requested that the government provide their counsel with an exemplar of one original page of Defendant's writings on which the name of a victim and/or intended victim is blackened out so that they could determine if ink retraction is what they prefer. Therefore, on or before June 21, 2010, the government shall provide counsel for the Named Victims an exemplar of one original page of Defendant's writings on which the name of a victim and/or intended victim is blackened out. Thereafter, counsel

1  for the Named Victims shall file a proposed order stating the Named
2  Victims' preference for the method of redaction as ink or excision
3  (cutting).
4       IT IS SO ORDERED.
5  Dated:  June 14, 2010

                                 _____
                                 GARLAND E. BURRELL, JR.
                                 United States District Judge