**ERIN J. RADEKIN**
**Attorney at Law  - SBN 214964**
428 J Street, Suite 350
Sacramento, California 95814
Telephone: (916) 446-3331
Facsimile: (916) 447-2988

Attorney for Defendant
THEODORE JOHN KACZYNSKI

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>THEODORE JOHN KACZYNSKI,<br><br>    Defendant. | Case No. 96-CR-00259 GEB<br><br>**MOTION TO MODIFY AUGUST 4, 2010 ORDER** |

**I.**

**BACKGROUND**

On August 5, 2010, the Court issued a written order addressing the issues discussed at the June 14, 2010 status conference.  With regard to Mr. Kaczynski's request for a complete copy of his writings, the Court made the following order: "the government shall provide Kaczynski's counsel with an *exact* electronic copy of his original writings as they appeared *before redaction*." (Docket No. 771, 8:28-9:2; emphasis added.)  There are additional issues, however, that must be addressed to ensure that the Court's order is carried out as stated.  First, although the Court ordered that the government is to provide Mr. Kaczynski with an "exact" copy, "before redaction," no provision has been made for the possibility that corrections may have to be made if the electronic copy provided by

-1-

the government in the first instance contains illegible or corrupted documents. Second, the order specifically refers to Mr. Kaczynski's original writings; no provision has been made for the disposal of papers that were seized from Mr. Kaczynski's cabin that are not Mr. Kaczynski's own writings but the writings of others, e.g., letters from others to Mr. Kaczynski.

As detailed below, Mr. Kaczynski proposes the following modifications and/or additions to the August 4, 2010 order to resolve these remaining issues.

## II.

## PROVISION RE: CORRECTIONS

As noted, the Court has held that Mr. Kaczynski is entitled to an "exact" copy of the original documents seized from his cabin, prior to any redactions. It follows from this that he is entitled to an opportunity to request that the government replace any illegible or corrupted documents that may exist in the electronic copy provided by the government in the first instance. As the order now exists, however, no such provision for corrections has been made. Providing for a means of obtaining corrections is essential; as with any human endeavor, errors can, and probably will, occur, and, with such a large number of documents, the government can not, as a practical matter, guarantee that every document it provides in the initial copy will be legible and uncorrupted.

Further, the order currently states that the electronic copy is to be provided to counsel sixty days *after* the conclusion of the auction. (*Id*. at p. 9.) As the August 4, 2010 order also provides that the original documents are to be redacted and sold at auction (*Id*. at pp. 10-11), if the electronic copy provided to counsel has any corrupted files or illegible copies, there will be no means to obtain copies of the original, unredacted documents from the original documents, as they will be permanently altered and unavailable. While the government could be ordered to keep a master copy of the original documents, prior to redaction, as suggested in Proposal No. 2 (see *infra*), the same problem exists with such master copy as exists with the copy the government provides to Mr. Kaczynski in the first instance – it may contain illegible documents or corrupted files. The most reliable method, then, of ensuring compliance with the order that Mr. Kaczynski be given an exact

copy is to order the government to provide a copy prior to any redactions or sale of the original documents as well as a window of time for Mr. Kaczynski's representative to examine the copy and apply to the government for new copies of any illegible or corrupted documents.

### A.   *Proposal No. 1*

Mr. Kaczynski proposes that he be permitted 90 days during which such examination and applications can be made.  Mr. Kaczynski is cognizant of the victims' desire to sell his documents without undue delay to satisfy the restitution order.  90 days is the minimum time, however, that Mr. Kaczynski's designated representative can be expected to examine such a large number of documents to ensure that he has an exact copy as the Court has ordered.

Accordingly, Mr. Kaczynski requests that the August 4, 2010 order be modified by substituting the current language in section III, item no. 2 with the following, or substantially similar, language: "Prior to any redactions of the original documents, the government shall provide Kaczynski's counsel with an electronic copy of the original writings as they appeared prior to redaction.  Thereafter, the government shall not modify the original documents for 90 days to permit a representative designated by Kaczynski to examine the electronic copy and apply to the government for correction of any illegible document or corrupted file contained in the initial copy.  The government shall provide Kaczynski with a new copy of any illegible or corrupted file."

### B.   *Proposal No. 2*

Alternatively, if the Court is not willing to order that the auction be delayed to ensure that Mr. Kaczynski receives a complete, exact copy of his documents, he requests that the order at least provide for a window of time after counsel receives the first electronic copy during which his designated representative can examine the copy and his attorney of record can make applications to the government for new copies of documents or files that are corrupted or illegible.  This entails, as noted above, that the government must keep its own copy of the original documents, prior to redaction, so that such applications can be fulfilled.  Mr. Kaczynski proposes that the Court set one year after the date the first electronic copy is provided to counsel as the outermost limit of time during which applications for corrections can be made.  This will allow sufficient time for Mr.

Kaczynski's representative to examine the copies provided by the government, notify counsel of the need for corrections, and for counsel to make such applications for new, corrected copies. This also sets an outer limit of time during which the government must suffer the inconvenience of retaining a master copy and complying with applications for new copies.

Accordingly, if the Court is not willing to adopt Proposal No. 1, Mr. Kaczynski requests that the Court add the following, or substantially similar, language to section II.D of the August 4, 2010 order ("Kaczynski's Request for a Complete Copy of his Writings"): "Kaczynski shall have one year from the date in which the electronic copy is originally provided to counsel during which he can, through counsel, make application to the government for a new copy of any illegible or corrupted document or file, and the government shall comply with such application provided it is made within that one-year window of time. At the conclusion of the one-year window, provided the government has satisfied all applications made within that time, the government need no longer maintain a copy of the original documents."

## II.

**PROVISION RE: PAPERS OTHER THAN MR. KACZYNSKI'S PERSONAL WRITINGS**

Throughout the post-conviction litigation relating to Mr. Kaczynski's property, the papers seized from Mr. Kaczynski's cabin have been generally described as "writings" or "papers." In the government's July 7, 2006 plan the government divided the property it seized from Mr. Kaczynski into four categories – personal items, books, firearms, bomb-making materials, and "writings." (Docket No. 718, 3-5.) Mr. Kaczynski contends that included among the papers seized from his cabin are letters and other "writings" or "papers" that are not his own writings, nor are they appropriately characterized as books or personal items. In the July 7, 2006 plan, the government described the "writings" as "the Defendant's writings," (*Id*. at 4:10); however, given the volume of the "writings," it is certainly possible that the government is not aware that there are documents written by persons other than Mr. Kaczynski contained among the papers seized from his cabin. Because these items have not been dealt with separately in the litigation, no provision has been made

-4-

for their disposal.

The simplest, least costly method for disposing of such documents is to either return them to Mr. Kaczynski or copy such documents along with Mr. Kaczynski's own writings and include them in the electronic copy to be provided to counsel. Such method avoids any additional litigation should the government's implementation of the order lead to the destruction or loss of such documents. Further, these documents are fairly characterized as essential to the communication of ideas in Mr. Kaczysnki's own writings because many of them are responses to Mr. Kaczynski's writings or related in some other manner to his writings and are thus logically disposed of in the same manner as Mr. Kaczynski's own writings.[1]

Accordingly, Mr. Kaczysnki respectfully requests that the Court modify the August 4, 2010 order by substituting any reference to Mr. Kaczysnki's writings with a reference to "the papers seized from Mr. Kaczysnki's cabin," or, alternatively, adding the following language to section II.D.: "Any papers included among the property seized from Mr. Kaczynski's cabin that can not be fairly characterized as Mr. Kaczysnki's own writings are to be either returned to Mr. Kaczynski or electronically copied and provided to Mr. Kaczynski's attorney along with the copy of Mr. Kaczynski's own writings."

### III.
### CONCLUSION

For the foregoing reasons Mr. Kaczysnki respectfully requests that the Court make the modifications to the August 4, 2010 order suggested above.

Dated: August 19, 2010                              Respectfully submitted,


                                                    s/ Erin J. Radekin
                                                    ERIN J. RADEKIN
                                                    Attorney for Defendant
                                                    THEODORE JOHN KACZYNSKI

---

[1] Indeed, for this reason it is likely that the government intends to include such papers with Mr. Kaczynki's own writings in the internet sale.

-5-