**ERIN J. RADEKIN**
**Attorney at Law  - SBN 214964**
428 J Street, Suite 350
Sacramento, California 95814
Telephone: (916) 446-3331
Facsimile: (916) 447-2988

Attorney for Defendant
THEODORE JOHN KACZYNSKI

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THEODORE JOHN KACZYNSKI,<br><br>Defendant. | Case No. 96-CR-00259 GEB<br><br>**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF APPLICATION FOR STAY OF COURT'S ORDERS REGARDING THE SALE OF HIS WRITINGS AND PAPERS PENDING APPEAL**<br><br>Hon. Garland E. Burrell, Jr. |

Defendant, Theodore John Kaczynski, through his counsel of record, Erin J. Radekin, respectfully requests that the Court consider the additional authority and argument herein in support of his application for stay of the sale of his writings and papers pending appeal (hereinafter "Application").

**I.**

**MISSING OR ILLEGIBLE DOCUMENTS CAN NOT BE CONSIDERED A DE MINIMIS HARM FOR FIRST AMENDMENT PURPOSES UNDER THE CIRCUMSTANCES OF THIS CASE.**

As noted in the Application, the Named Victims argued in their reply to Kaczynski's motion to modify the Court's August 5, 2010 order that Kasczynski's request for a copy of his documents

-1-

prior to the sale can not be justified on First Amendment grounds because any harm that will result from the loss of a few of his documents will be de minimis. (Docket No. 785 at 6:7-9.) There are several reasons why the Court should reject such argument in considering whether a stay of the sale of Kaczynski's documents pending appeal is warranted.

First, the Named Victims' contention that any loss of a portion of the documents would necessarily be minimal is purely speculative. More importantly, the Named Victims appear to be considering only the loss of a portion of the documents as merely the loss of so much paper without regard to the *content* of the documents. A small portion of documents might contain incredibly important material, such as Kaczynski's original mathematical research, which may be impossible to replicate and constitute a significant loss not just for Kaczynski, but for the public.

Further, the Named Victims misapply the de minimus exception in this context. The de minimis exception does not apply when there is no justification to restrict expression in the first place. See *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 567 (2001) ("There is no de minimis exception for a speech restriction that lacks sufficient tailoring or justification."). Here, the courts have found no justification to permit the government to retain Kaczynski's papers without providing copies. Indeed, it is implicit in this Court's holding that he is entitled to a copy of his documents that there is *no* justification for the government to withhold Kaczynski's papers from him.

Moreover, the cases cited by the Named Victims are distinguishable. All the cases cited by the Named Victims are retaliatory or adverse action cases. These cases do not involve the government's complete restriction of expression – rather, they involve "adverse, retaliatory" actions that result in "de minimis deprivations of *benefits and privileges* on account of one's speech" and hence do not actually chill speech. See *Blair v. Bethel School District*, 608 F.3d 540, 544 (9th Cir. 2010) (Blair's removal from the school board "didn't chill his speech," because "despite his removal as Board vice president, he retained the full range of rights and prerogatives that came with having been publicly elected.") (emphasis added); *Brown v. Runnels*, 2:04-CV-0055-LKK-GGH, 2006 WL 1305277 (E.D. Cal. May 11, 2006) (Mere delay in prisoner's receipt of typewriter ribbon was de minimis because it did not actually prevent him from speaking out by using other modes of

communication.); *Cejas v. Blanas,* 2:05-CV-01799-LKK-GGH, 2009 WL 3786078 (E.D. Cal. Nov. 10, 2009) (Denial of dayroom privileges was de minimis because it did not actually chill plaintiff's exercise of First Amendment rights); *Thaddeus-X v. Blatter*, 175 F.3d 378, 398-399 (6th Cir. 1999) (remanding to district court to determine "whether a person of ordinary firmness would be deterred from exercising a right to access the courts by the actions taken against [plaintiffs]" – i.e., whether the adverse action by prison officials resulted in a de minimis infringement of First Amendment rights.).

Accordingly, the de minimis exception is not appropriately applied in this case. The complete, irrevocable loss of a portion of the documents can not be considered de minimis. Rather, any such loss would be irreparable.

## II.
## CONCLUSION

For the foregoing reasons, and those presented in the Application, Kacsynski respectfully requests that the Court stay the sale of all writings and papers seized from his cabin pending appeal of the Court's September 17, 2010 order or, in the alternative, pending application to the Ninth Circuit for such stay.

Dated: November 12, 2010                                  Respectfully submitted,


                                                          s/ Erin J. Radekin
                                                          ERIN J. RADEKIN
                                                          Attorney for Defendant
                                                          THEODORE JOHN KACZYNSKI