FILED

JAN 04 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

1.

U.S. MAIL CERTIFIED    Theodore John Kaczynski

ARTICLE NUMBER    04475-046

7010 0780 0001    U.S. Penitentiary Max

0653 1502    P.O. Box 8500

PRIORITY MAIL    Florence CO 81226-8500

December 27, 2010

Erin J. Radekin

Attorney at Law    Re: E.D. Cal. No.

428 J Street, Suite 350    96-CR-259 and GEB GGH

Sacramento CA 95814    9th Cir. No.

10-10495

Dear Ms. Radekin:

Today, 12/27/10, I received your letter dated 12/20/10. In that letter you state the terms of an agreement that you have made with the government. In our telephone conversation of 12/6/10 you proposed to me the same agreement to be made with the government, and I clearly and unequivocally rejected that agreement.

In our telephone conversation of 12/6/10, and again in my letter to you dated 12/6/10 (which I wrote after the telephone conversation), I made explicitly clear that my minimum demand was that my designee, Julie Herrada, should have 90 (ninety) days to review the copies of

1.

T.J. KACZYNSKI to E.J. RADEKIN   12/27/10

Case 2:96-cr-00259-GEB-GGH   Document 801   Filed 01/04/11   Page 2 of 5      2.

the papers before the originals are sold.

There are several reasons why your agreement with the government is totally unacceptable, including but not limited to the following:

(i) You will be in far too much of a hurry to do an adequate job of reviewing all those thousands of pages. Your mention of 5 days as possibly an adequate time to review all the copies is ludicrous. The government estimates there are 40,000 pages. I believe this is an overestimate, so let's cut it in half and say 20,000 pages. A simple computation shows that if you spend just one minute on each page, it will take you more than $8\frac{1}{2}$ weeks[*] at 40 hours a week to review all 20,000 pages.

When Julie Herrada asked for 90 days, minimum, she did so for a good reason.

(ii) You will not be motivated to do a good job of reviewing the copies, because your interests will not be affected by the outcome. If it later turns out that some pages are missing or illegible, it's no skin off your nose. And, frankly, it's my impression that you are more concerned to minimize the time and effort that you put into this case than you are to defend my interests. In contrast,

Julie Herrada does have an interest in reviewing the copies carefully, because of course she wants a complete set of legible copies for the Labadie Collection.

(iii) You forget that it's not only necessary to determine whether all of the copies actually provided are legible; it is also necessary to make sure that copies of all pages of all papers have in fact been provided; i.e., to make sure that no papers or pages thereof have been omitted.

Discussions between me and Julie Herrada will surely be necessary for the purpose of ascertaining whether anything has been omitted from the copies provided by the government. With 90 days allowed to review the papers, we can reasonably hope that there will be sufficient time for such discussions. But if you try to rush through the copies in 5 days, or even 10 days, there will be no time for such discussions.

(iv) AUSA Martel has really taken you for a sucker. Don't you see what the implications will be if you go through the papers and initial them to indicate that you think they are legible? You will severely undercut

my argument that Herrada should have 90 days to review the copies. Martel will argue on appeal: "Kaczynski's counsel has already gone over the copies and confirmed that they are all legible, so there's no need for Kaczynski's designee to go over the copies again." And it's all too likely that the court will accept that argument, no matter how hastily and carelessly you have gone over the copies.

Accordingly, I demand you do the following:

(a) Immediately repudiate your agreement with Martel (which you described in your letter to me of 12/20/10), explaining that you made that agreement after I had clearly and unequivocally told you that I would not accept such an agreement.

(b) Immediately stop reviewing any copies of the papers provided by the government.

(c) Immediately file with the 9th Circuit the application for a stay pending appeal.

(d) Immediately desist from any and all bargaining with the government or the victims; make no further agreements of any kind whatsoever with the government or

T. J. KACZYNSKI to E. J. RADEKIN 12/27/10

Case 2:96-cr-00259-GEB-GGH    Document 801    Filed 01/04/11    Page 5 of 5    5.

the victims; and proceed promptly with the appeal.

(e) If you are unwilling or unable to comply fully with every one of the foregoing demands (a), (b), (c), and (d), then file with the 9th Circuit on my behalf a motion for new counsel, and for a postponement of the deadline for filing our opening brief until I have new counsel and the new counsel has had time to prepare a brief.

I am sending copies of this letter to the clerks of the district court and of the 9th Circuit, with a request that said copies be filed in the record; this may be important in the event I have to request new counsel.

Sincerely yours,

Theodore John Kaczynski

THEODORE JOHN KACZYNSKI

[* Computational error. In place of "more than $8\frac{1}{2}$ weeks" read "$8\frac{1}{3}$ weeks."]