FILED

JAN - 7 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

U.S.A. v. KACZYNSKI        No. CR-S-96-259 GEB

January 3, 2011

To CLERK OF COURT, U.S. DISTRICT COURT, E.D. CAL. :

I request to have the enclosed letter to Erin J. Radekin, dated 1/1/11, filed as part of the record of this case. On January 3, 2011, by United States Mail, with first-class postage prepaid, at the U.S. Penitentiary Administrative Maximum Facility at Florence, Colorado and using the prison's internal mailing system designed for legal mail:

(1) I sent the original of said letter to

ERIN J. RADEKIN, ATTORNEY AT LAW

428 J STREET, SUITE 350

SACRAMENTO CA 95814 ; and

(2) I served a copy of said letter on

UNITED STATES ATTORNEY

EASTERN DISTRICT OF CALIFORNIA

501 I STREET, SUITE 10-100

SACRAMENTO CA 95814

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 3, 2011.

Theodore John Kaczynski

THEODORE JOHN KACZYNSKI

U.S. MAIL CERTIFIED
ARTICLE NUMBER
7010 0780 0001
0653 1526

Theodore John Kaczynski
04475-046
U.S. Penitentiary Max
P.O. Box 8500
Florence CO 81226-8500
January 1, 2011

Erin J. Radekin
Attorney at Law
428 J Street, Suite 350
Sacramento CA 95814

Re: E.D. Cal. No. 96-CR-259, and
    9th Cir. No. 10-10495

Dear Ms. Radekin:

I sent you by Priority Mail a letter dated December 27, 2010, U.S. Mail Certified Article No. 7010 0780 0001 0653 1502. I have a postmarked receipt showing that the letter reached the Florence post office on December 29, 2010, so you will doubtless have received the letter by Monday, January 3, 2011, at the latest.

In addition, I telephoned your office on December 28, 2010 at roughly 10:30 AM, Pacific Time, and left a message for you

1.

Case 2:96-cr-00259-GEB-GGH   Document 803   Filed 01/07/11   Page 3 of 7

that expressed, in somewhat abbreviated form, the main points of my letter to you of December 27, 2010.

Since then I have devoted a great deal of thought to the legal situation, and I have decided that my only reasonable option is to demand of you the following:

(1) I demand that (if you have not already done so) you immediately file with the Ninth Circuit an application for a stay pending appeal.

(2) I demand that, at the earliest feasible moment, you file with the Ninth Circuit on my behalf a motion for the appointment of new counsel to represent me in place of yourself. I also demand that you attach to that motion, as exhibits, a copy of the present letter and a copy of my letters to you dated October 20, 2010 and December 27, 2010.

(3) I demand that, with the motion for new counsel, you file a motion requesting postponement of the deadline for filing the opening brief until I have new counsel and the new counsel has had time to prepare a brief.

3.

The reasons for demands (1) and (3) are obvious. The reasons for demand (2) are as follows:

It seems almost certain that you have already reviewed, and conceded the legibility of, some significant number of the copies provided by the government.

Because (in your letter to me of December 20, 2010) you suggested five days as possibly a sufficient time to review 20,000 or 40,000 pages at the U.S. Attorney's office, it is certain that your review will be unreasonably hasty, therefore inadequate. (Reviewing 40,000 pages in five days at eight hours a day, you could spend only 3.6 seconds on each pages; for 20,000 pages, 7.2 seconds per page.) Recall that Julie Herrada said ninety days was the <u>minimum</u> time in which she could expect to review the copies adequately.

Inter alia, I'll bet that

(i) you have taken no measures to ensure that copies of all pages of all the seized papers are included among the copies provided by the government (see

4.

my letter to you of Dec. 27, 2010, page 3); and

(ii) you have taken no measures to ensure that no lines have been "cut off" at the top or bottom of pages. On some pages of the copies provided by the government as discovery prior to my trial, a line was completely "cut off" at the bottom of the page, and it was possible to discover that a line was missing only by reading the lowest visible line on one page and the uppermost visible line on the following page and observing that they did not form a continuous text. Have you performed this test on all the copies you've reviewed? I'll bet you haven't!

AUSA Martel will be able to argue to the Ninth Circuit that because you have reviewed and conceded the legibility of so-and-so many pages in such-and-such a time, all of the copies could be reviewed in some fraction of 90 days. For example, if you have reviewed 2,000 pages in one day and conceded them to be legible, then Martel will claim not only that

those 2,000 pages do not need to be reviewed by Julie Herrada, but also that 20,000 pages can be reviewed in 10 days or 40,000 pages in 20 days.

Thus, you have effectively conceded to the government the more important of the two main issues in this appeal, namely, my contention that Julie Herrada should have 90 days to review the copies before the originals are sold. This means that you have shot down the entire appeal, because the government has already given in on the other main issue by agreeing to provide copies of _all_ the seized papers, not just "Kaczynski's writings".

I and not you have the right to decide whether to appeal. If you don't want to represent me on appeal, then you have to either file an _Anders_ brief or else withdraw and let some other counsel represent me. You had no right to shoot down my appeal by conceding the crucial issue to the government.

The only way you could now represent me in this appeal would be to argue

to the Ninth Circuit that you yourself acted incompetently in hastily reviewing 2,000 (or whatever number of) copies and conceding them to be legible. But arguing your own incompetence isn't going to work.

I need to be represented by other counsel so that he or she can argue that you acted incompetently in conceding those copies to be legible.

Sincerely yours,

Theodore John Kaczynski

THEODORE JOHN KACZYNSKI

P.S. I am sending copies of this letter to the respective clerks of the district court and of the Ninth Circuit, with a request that said copies be filed in the record. -- TJK

6.