IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 2:96-cr-0259-GEB |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| THEODORE JOHN KACZYNSKI, ) | |
| ) | |
| Defendant. ) | |

On July 25, 2011, the United States filed a Final Status Report in which it states in pertinent part:

> The auction of items seized from defendant Theodore Kaczynski's cabin, pursuant to the plan of sale approved by this Court, is complete. The auction generated $230,493 in gross receipts. The auctioneer (General Services Administration) deducted $4,757.44 in expenses, leaving $225,735.56 in net proceeds from the sale. On July 19, 2011, the U.S. Treasury issued a check in the amount of $225,735.56, for mailing directly to the Clerk of Court. . . . To avoid confusion, an order clarifying how the auction proceeds are to be distributed may be helpful.

(Final Status Report 1:17-24, ECF No. 811 (footnote omitted)). The Government further states, "[a]s we understand the plan of sale and the orders approving it, the auction was conducted for the benefit of the four individuals named as victims[,]" and it quotes the Ninth Circuit's 2005 decision which appointed pro bono counsel for the Named Victims as follows:

> Finally, missing throughout this litigation have been the voices of the victims and their families. Though the government purported to represent these individuals, we see nowhere in the record their

1

>     viewpoints and desires regarding the enforcement of
>     the restitution order, even though its very purpose
>     is to provide financial compensation for their
>     great losses.

Id. 2:13-19 (quoting United States v. Kaczynski, 416 F.3d 971, 977 (9th Cir. 2005)).

After consideration of the Final Status Report, I issued an order to Counsel for the Named Victims requesting that the "Named Victims . . . file a written response to the government's Final Status Report and a proposed order directing the distribution of the auction proceeds no later than August 1, 2011." (Order 1:17-20, ECF No. 812.)

The Named Victims filed a response stating: "The Named Victims agree with the Government's position on distribution of the auction proceeds, . . . [and t]he auction proceeds should be distributed as set forth in the accompanying Proposed Order." (Response 1:16-18, ECF No. 813.) That Proposed Order requests the following:

>     The Clerk of this Court shall within three business
>     days distribute the auction proceeds, totaling
>     $225,735.56, by mailing checks to the Named Victims
>     in the following amounts:
>
>         To Susan Mosser:   $185,177.23
>         To Connie Murray:  $ 33,648.05
>         To Gary Wright:    $  3,545.47
>         To Lois B. Epstein: $ 3,364.81

(Proposed Order 1:21-25, ECF No. 813-1.)

Decision on the distribution issue is guided by the history of this proceeding, and the previous decisions issued both by the district court and the Ninth Circuit. The Ninth Circuit's guidance includes a directive to the district "court to consider the viewpoints and desires of the Named Victims[;]" and it is understood that any district court ruling should "not violate the letter or spirit of [any Ninth Circuit] decision," and should seek to "strike [an appropriate] balance between

2

the competing considerations." <u>United States v. Kaczynski</u>, 551 F.3d 1120, 1130-31 (9th Cir. 2009).

What is proposed by the Government and the Named Victims strikes the referenced balance in light of the history of this proceeding and the decisions issued to date. Therefore, the Court hereby adopts the Government's recommendations on distribution of the auction proceeds, as stated in the Government's Final Status Report filed on July 25, 2011, with which the Named Victims, through their pro bono counsel, agree.

In accordance with those recommendations and the wishes of the Named Victims, IT IS HEREBY ORDERED THAT:

The Clerk of this Court shall, within three business days of the date on which this order is filed, distribute the auction proceeds, totaling $225,735.56, by mailing checks to the Named Victims in the following amounts:

    To Susan Mosser:    $ 185,177.23
    To Connie Murray:   $ 33,648.05
    To Gary Wright:     $ 3,545.47
    To Lois B. Epstein: $ 3,364.81

Counsel for the Named Victims sent the Clerk of the Court an email in which information is provided to the Clerk of the Court about making the referenced distributions, about which I became aware on August 2, 2011. The Clerk of the Court shall comply with the directives in that email when making the distributions.

Dated:  August 2, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge